ALBERT H. LATIMER v. MILAS BAGNELL.

Where the defendant in the Justice's Court obtained a certiorari, and the judgment of the District Court recited that the Court having been informed that the matters in controversy had been settled by the parties, it is ordered by the Court that the same be dismissed at the cost of the plaintiff, but went on to adjudge the costs against the real defendant, by name, (the original defendant in the Justice's Court,) the judgment was reversed and rendered against the real plaintiff.

Error from Red River. Before the Hon. William S. Todd.

J. J. Dickson, for plaintiff in error.

LIPSCOMB, J. This suit was brought by the defendant in error against one Dean, before a Justice of the Peace, and a judgment was rendered by the Justice of the Peace in favor of Bagnell. The defendant in the Justice's Court petitioned for and obtained a certiorari, to take the case into the District Court, and Latimer, plaintiff in error, was his security. When

taken into that Court, no objection was made to the certiorari, and it was submitted by the parties to arbitration, and continued for their award to be returned to Court. No return of award was made to the next succeeding Term, and the case was continued. At the next succeeding Term, no award being returned, the case was dismissed. The entry was made, " that " the Court having been informed that the matters in contro- " versy had been settled by the parties, it is ordered by the " Court, that the same be dismissed at the cost of the plaintiff." Whereupon judgment was entered against Dean and his securities on his bond for the certiorari. Latimer, one of them, brought error, and asks to reverse the judgment.

The entry of dismissal and judgment does not appear to have been made on the application of the parties, nor do they appear to have been present. Under the circumstances, there is no doubt of the correctness of the order ; and, in such cases, the plaintiff would be the party liable for costs. But there is an error in the judgment, in misconceiving the proper position of the parties, and rendering it agaainst the real defendants. The relative position of the parties was not changed by bringing the case into the District Court, as to plaintiff and defendant ; and no objection being made to the certiorari, the plaintiff before the Justice was still plaintiff, and bound to prosecute his case *de novo*. The dismissal under the circumstances presented, would be at the cost of the plaintiff in the original suit, in the absence of all evidence of an agreement to the contrary. The judgment must therefore be reversed, and rendered against Bagnell, and certified to the Court below.

Reversed and reformed.